NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HERBERT JONES,<br>      Plaintiff,<br><br>  v.<br><br>PUBLIC EMPLOYMENT RETIREMENT PENSIONS DIVISION, KATIE J. WRIGHT, TIMOTHY WRIGHT, PRUDENTIAL ALLIANCE ACCOUNT SERVICES, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, RESTAURANT AND CAFETERIA EMPLOYEES LOCAL 3, AFL-CIO, NEWARK BOARD OF EDUCATION OPEN SOLUTIONS,<br><br>      Defendants. | Civil Action No. 09-5894 (SDW)<br><br><br>OPINION<br><br><br>November 29, 2011 |

**WIGENTON**, District Judge.

This case comes before this Court on Defendant The Board of Trustees of The Public Employees' Retirement System's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a) (3), and 1367. Venue is proper pursuant to 28 U.S.C. § 1391(b). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, this Court **GRANTS** Defendant's motion.

I. **BACKGROUND**

This matter involves Herbert Jones ("Jones" or "Plaintiff"), the Board of Trustees of the Public Employees' Retirement System of New Jersey (improperly pled as Public Employment Retirement Pension Division and hereinafter the "PERS Board"), Katie J. Wright, Timothy Wright, Prudential Alliance Account Services, the Prudential Insurance Company of America,

Restaurant and Cafeteria Employees Local 3, AFL-CIO, and the Newark Board of Education Open Solutions.  Herbert Jones is seeking entitlement to death benefits that were administered by the PERS Board to Katie J. Wright and Timothy Wright.  Plaintiff argues in his complaint that: (1) he is entitled to the death benefits at issue pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") and the amendments thereto known as the Retirement Equity Act ("REA"); and (2) he is entitled to the death benefits at issue because Defendants' conduct has violated Plaintiff's rights under 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1986.  PERS argues that the complaint should be dismissed because: (1) the PERS board is entitled to Sovereign Immunity under the Eleventh Amendment, (2) PERS is a governmental plan exempt from the requirements of ERISA, (3) the PERS is not a person with respect to the federal statutes at issue, (4) Plaintiff is not entitled to Mrs. Wright-Jones' death benefits due to a consent order Plaintiff entered into with the Prudential parties, and (5) count two fails to state a claim upon which relief can be granted.

II.   **FACTS**

Plaintiff, Herbert Jones, married Georgia Belle Wright-Jones on September 28, 2001.  (*See* Compl. ¶ 1.)  Mrs. Wright-Jones was employed by the Newark Board of Education as a cafeteria worker for twenty-five years, until the date of her death on July 7, 2009.  (*See id.* ¶ 2.)    As an employee of the Newark Board of Education, Mrs. Wright-Jones was enrolled in the Public Employees' Retirement System of New Jersey ("PERS").  (*See* Def.'s Br. 3.)  Mrs. Wright-Jones was an active member of the PERS on the date of her death.  (*See id.*)  Given Mrs. Wright-Jones' length of service with the Newark Board of Education and her being an active member of PERS, Mrs. Wright-Jones had earned the right to convey a death benefit, similar to a life insurance benefit, to a designated beneficiary.  *See* NEW JERSEY STAT. ANN. § 43:15A-57(g).  After Mrs.

Wright-Jones' death, Plaintiff sought to claim her death benefit, but learned that he had not been named as a beneficiary. (*See* Compl. ¶ 7.) Instead, Mrs. Wright-Jones listed her son, Timothy Wright, and Katie J. Wright as her beneficiaries. (*See id.* ¶ 8.) Pursuant to Mrs. Wright-Jones' beneficiary designation, Prudential Alliance Account Services released funds in the amount of $44,870.40 each to Timothy Wright and Katie J. Wright. (*See id.* 9-10.) Plaintiff believes that he is legally entitled to the funds at issue, and as result, has brought suit to recover them.

III.    **LEGAL STANDARD**

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b) (6), a Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As the Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556–57, 570) (internal citations omitted).

Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to demonstrate "that the pleader is entitled to relief" as required by Federal Rule of Civil Procedure 8(a) (2). *Id*. Further, "[a] court may dismiss a complaint for failure to state a claim, based on a time-bar, where 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Bieregu v. Ashcroft*, 259 F. Supp. 2d 342, 355 n.11 (D.N.J. 2003) (quoting *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978)).

IV.   **DISCUSSION**

"The Eleventh Amendment grants a State immunity from suit in federal court by citizens of other States, and by its own citizens as well." *Lapides v. Bd. Of Regents*, 535 U.S. 613, 616 (2002). "[S]tate agencies are [also] immune from suit in federal court under the Eleventh Amendment." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir.2010). Eleventh Amendment immunity, however, is not absolute. There are two relevant exceptions to the doctrine.[1] First, a state can consent to being sued. *See Blatchford v. Native Vill. of Noatak & Circle Vill.*, 501 U.S. 775, 779 (1991). "State consent, however, is construed narrowly and exists only where the State 'makes a "clear declaration" that it intends to submit itself' to a court's

---

[1] There is a third exception, which is inapplicable here, that is triggered when state officials are sued in their official capacities for prospective, injunctive relief for violations of federal law. *See Bennett v. City of Atlantic City*, 288 F. Supp. 2d 675, 680 n.2 (D.N.J. 2003); *see also Ex Parte Young*, 209 U.S. 123 (1908) (holding that suits against state officials for violations of federal law that request prospective injunctive relief are permissible under the Eleventh Amendment); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102–03 (1984); *Edelman v. Jordan*, 415 U.S. 651, 666–667 (1974).

jurisdiction." *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd*., 527 U.S. 666, 675–76 (1999) (internal citation omitted); *see also Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985) (characterizing the test to determine if a state has waived immunity as "stringent"). Second, Congress may abrogate a state's sovereign immunity for suits brought under a federal statute if it "authorizes such a suit in the exercise of its power to enforce the Fourteenth Amendment." *Coll. Sav. Bank*, 527 U.S. at 670.

PERS argues that Mr. Jones' claims are barred by the Eleventh Amendment because PERS is a state agency. Determining whether a particular entity is an arm of the state is a fact-specific analysis that requires the Court to consider (1) the degree to which the agency is funded through the state treasury, (2) the status of the agency under state law, and (3) the degree of autonomy the agency enjoys, in order to determine whether permitting a federal suit against the agency would undermine the state's dignity. *See Cooper v. Southeast Pa. Transp. Auth.*, 548 F.3d 296, 302-310 (3d Cir. 2008). In assessing whether an entity is an arm of the state, no one factor should be given predominant weight.[2] *See id.* at 302.

Here regarding factor one, PERS is established in the New Jersey Department of Treasury, Division of Pensions and Benefits. Given PERS' status under state law as a part of the Department of Treasury, any monetary judgment against it would be paid through the state treasury. Nothing in Plaintiff's moving papers presents an argument that PERS has any autonomy from the Department of Treasury. Therefore, PERS is an arm of the state and is entitled to Eleventh Amendment immunity, provided the State has not waived its immunity and that Congress has not abrogated it.

---

[2] Prior to the Supreme Court's decision in *Regents of the University of California v. Doe*, 519 U.S. 425 (1997) and *Federal Maritime Commission v. South Carolina State Ports Authority*, 533 U.S. 743 (2002) ("FMC"), primacy was ascribed to the first factor. However, since *Doe* and *FMC*, sovereign immunity analysis has shifted.

"Having found that [PERS] [is] eligible for Eleventh Amendment immunity, the Court must now determine if the State has waived, or if Congress has abrogated, that immunity." *Bennett v. City of Atlantic City*, 288 F.Supp.2d 675, 682 (D.N.J. 2003). "State waivers of the Eleventh Amendment must be express and unequivocal." *Id.* Here, Plaintiff has not argued and this Court is unaware of New Jersey consenting to suit in federal court. Similarly, Plaintiff has not argued nor is this Court aware of Congress's abrogation of New Jersey's Eleventh Amendment immunity.

Therefore, Plaintiff's claims are barred due to the Eleventh Amendment.

**CONCLUSION**

For the reasons set forth above, this Court grants Defendant PERS' motion to dismiss with prejudice.

s/Susan D. Wigenton, U.S.D.J.

Orig:  Clerk
Cc:    Madeline Cox Arleo, U.S.M.J.
        Parties